## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARIA DALVA VIEIRA DE OLIVEIRA DOS SANTOS, individually and as the Personal Representative of the Estate of SERGIO AUGUSTO DOS SANTOS, deceased** | § § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:06-CV-292-Y** |
| **BELL HELICOPTER TEXTRON INC., and HELISUL TAXI AEREO LTDA.** | § § § | **(Relates to motion referred to Magistrate Judge Bleil)** |
| **Defendants.** | § § | **ECF** |
| _____ | § § | |
| **BELL HELICOPTER TEXTRON INC.,** | § § § | |
| **Third-Party Plaintiff,** | § § | |
| **v.** | § § | |
| **HELISUL TAXI AEREO LTDA.** | § § § | |
| **Third-Party Defendant.** | § | |

### ORDER ON THIRD-PARTY DEFENDANT, HELISUL TAXI AEREO LTDA.'S MOTIONS TO COMPEL (docs. #181, 182 and 201) and MOTION TO STRIKE (doc. #198)

After considering Third-Party Defendant, Helisul's Taxi Aereo Ltda.'s ("Helisul") Motions to Compel Bell Helicopter Textron Inc.("Bell") to Respond to Helisul's Second Request for Production (doc. # 181), Third Request for Production (doc. #182), Fourth Request for Production

(doc. #201) and Helisul's Motion to Strike Bell's Supplement (doc. #198), the court deems the following order appropriate:

A.     Helisul's Motion to Compel Bell's Responses to Helisul's Second Request for Production (doc. #181).

      1.     Helisul's motion is denied insofar as it seeks to expand the scope of the court's previous order (doc. #175) regarding Bell's emergency motions for protective order.  In that order, the court specifically limited the documents Bell was required to Produce to "all documents, including contracts, agreements, and like documents, between itself and TFC, Textron and any other entity that bears upon Bell's authority to enforce the lease agreement between Helisul and TFC."  Bell represents to the court that it has produced all documents responsive to the court's order, and Helisul's motion is therefore denied as to this category of documents.

      2.     The remainder of Helisul's motion to compel Bell's responses to Helisul's Second Request for Production is denied.

B.     Helisul's Motion to Compel Bell's Responses to Helisul's Third Request for Production (doc. #182),

      1.     Request for Production no. 7: Bell is ordered to produce specific documentation to this court that Bell was asked by CENIPA to maintain confidentiality of the 22 pages of documents concerning a draft copy of the Brazilian Accident Report provided to Bell by the Transportation Safety Board of Canada ("TSB") by **January 4, 2010**.  If Bell cannot produce such

documentation, Bell is ordered to produce those pages of documents to Helisul by **January 8, 2010**.  Bell's remaining objections to Helisul's Request for Production number 7 are overruled, and Bell is ordered to produce all documents relating to its investigation and analysis of the crash not subject to an asserted privilege by **January 13, 2010.**

2.   The remainder of Helisul's motion to compel Bell's responses to its Third Request for Production is denied.

C.   Helisul's Motion to Strike Bell's Supplement (doc. #198) is denied.

D.   Helisul's Motion to Compel Bell's Responses to Helisul's Fourth Request for Production (doc. #201).

After carefully considering Helisul's Motion (doc. #201), the Court finds that the parties should be given a final opportunity to resolve this discovery dispute without Court intervention.

In this regard, the parties are directed to the per curiam opinion in *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988).  That opinion sets forth standards of conduct for counsel and pro-se parties to follow throughout litigation.  Particularly relevant here are the standards for conduct during discovery.  "[Parties] should make reasonable efforts to conduct all discovery by agreement."  *Id*. at 293.  The Court cautions the parties that it does not take discovery disputes lightly, and, if a final resolution by the Court is necessary, sanctions will be imposed upon any party conducting or opposing discovery unreasonably, in bad faith, or otherwise not in compliance with the rules or *Dondi*.

Therefore, it is ORDERED that the parties shall confer and make a good-faith effort to

resolve this discovery dispute between themselves by **January 6, 2010.**

Further, it is ORDERED that, if the parties are able to completely resolve this discovery dispute, Helisul shall notify the Court in writing as soon as possible, but not later than **January 8, 2010**, that the motion should be rendered moot.

Further, it is ORDERED that, if the parties are able to resolve part, but not all of their discovery dispute, Helisul shall file an amended motion as to the remaining disputed matters only by 4:00 p.m. on **January 11, 2010.**

Further, it is ORDERED that Bell's response to any remaining discovery motions, whether original or amended, shall be filed no later than 4:00 p.m. on **January 15, 2010.**

SIGNED on December 29, 2009.


    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE